ON APPLICATION FOR REHEARING
This court granted the writ of certiorari. However, on 16 September 1983, the writ was quashed as improvidently granted. The case is now before us on application for rehearing. That application is granted.
Kathy Dean petitions this court to review the Court of Civil Appeals', 447 So.2d 728, holding which directs the Marshall County Circuit Court to enforce a child custody decree entered in the State of Florida incident to a marriage dissolution proceeding. This court granted rehearing in order to reconsider the Court of Civil Appeals' application of the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (West 1983) and the Uniform Child Custody Jurisdiction Act (UCCJA), Code of 1975, § 30-3-20, et seq.
The facts of this case are adequately set out by the Court of Civil Appeals. We reiterate, however, one fact central to this case: Although Kathy Dean was married in Florida, she gave birth to the subject child in Alabama, where she has lived almost continuously since that time. *Page 735 
Kathy Dean's petition is based on two grounds. First, she contends the Florida court lacked the in personam jurisdiction necessary to entitle its decree, which determines the personal rights of an individual neither present nor domiciled in the State of Florida, to extraterritorial effect. Second, she argues the Court of Civil Appeals erroneously applied the PKPA and the UCCJA in determining that an Alabama court could not modify the Florida decree because Florida retained "continuing jurisdiction" under the PKPA.
We first consider the question of in personam jurisdiction. No state need give more full faith and credit to a judgment than that judgment would receive in the state that rendered it. See New York ex rel. Halvey v. Halvey, 330 U.S. 610,67 S.Ct. 903, 91 L.Ed. 1133 (1947). Before a state may adjudicate personal rights arising out of a marital relationship, it must be able to exercise in personam jurisdiction over the parties.Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360,1 L.Ed.2d 1456 (1957); Estin v. Estin, 334 U.S. 541,68 S.Ct. 1213, 92 L.Ed. 1561 (1948). A child custody determination is anin personam proceeding requiring in personam jurisdiction over the affected parties. May v. Anderson, 345 U.S. 528,73 S.Ct. 840, 97 L.Ed. 1221 (1953); accord Kulko v. Superior Court ofCalifornia, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).
In order to determine whether the Florida court was vested with in personam jurisdiction over Kathy Dean, this court must look to Florida law. Restatement (Second) of Conflict of Laws § 105 (1971); see also Chapter III, introductory note (c).
Both the PKPA and Florida's version of the UCCJA contain provisions ensuring that parties in a custody determination action are provided with reasonable notice and an opportunity to be heard. See 28 U.S.C.A. § 1738A (e) (West 1983); Fla.Stat.Ann. § 61.131 (West Supp. 1983). However, neither act authorizes the assertion of in personam jurisdiction over nonresidents not present in the state. In short, neither act contains a "long-arm" provision necessary to assume in personam
jurisdiction over absent contestants.
The general "long-arm" provision in Florida is similarly devoid of any assertion of in personam jurisdiction over nonresidents in child custody cases. Fla.Stat.Ann. § 48.193
(West Supp. 1983) provides in pertinent part:
 "Acts subjecting persons to jurisdiction of courts of state
". . . .
 "(e) With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage." (Emphasis added.)
It is clear to this court that neither Florida's general "long-arm" statute, nor the PKPA, nor Florida's UCCJA authorizes the assertion of personal jurisdiction over nonresident defendants in child custody proceedings. Consequently, the Florida court lacked the statutory authority necessary for the assertion of in personam jurisdiction over Kathy Dean. Similarly, any attempts at personal service upon Kathy Dean in this state, without the appropriate legislative authority, were ineffectual.
Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569,53 L.Ed.2d 683 (1977), stressed the importance of a state's articulating legislatively its interest in securing personal jurisdiction over nonresidents in various circumstances:
 "If Delaware perceived its interest in securing jurisdiction over corporate fiduciaries to be as great as Heitner suggests, we would expect it to have enacted *Page 736 
a statute more clearly designed to protect that interest."
Id., at 214-215, 97 S.Ct. at 2585.
The posture of this case is precisely the same as that in Mayv. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953) (plurality opinion), where a father sought to enforce a Wisconsin custody decree in an Ohio Court. Justice Burton noted that although the defendant-mother had been personally served, Wisconsin lacked any statute authorizing such service in proceedings for the custody of children. Id., at 530-31,73 S.Ct. at 841-842. The Supreme Court went on to consider:
 "whether a court of a state, where a mother is neither domiciled, resident nor present, may cut off her immediate right to the care, custody, management and companionship of her minor children without having jurisdiction over her in personam. . . ."
(Emphasis added.)
Id., at 533, 73 S.Ct. at 843.
The full faith and credit clause interpretation woven within the holding of May remains crystal clear and binding upon this court.
Justice Burton noted:
 "[I]t is now too well settled to be open to further dispute that the full faith and credit clause and the act of Congress passed pursuant to it do not entitle a judgment in personam to extraterritorial effect if it be made to appear that it was rendered without jurisdiction over the person sought to be bound." (Footnotes omitted.)
May, 345 U.S. at 533, 73 S.Ct. at 843 (quoting Baker v. Baker,Eccles Co., 242 U.S. 394, 401, 37 S.Ct. 152, 154,61 L.Ed. 386 (1917)). Accord Kulko v. Superior Court of California,436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed. 132 (1978).
The Court in May also found that a proceeding for the custody of children, as in the case at bar, is in fact an in personam
proceeding. Id., 345 U.S. at 534, 73 S.Ct. at 843.
The Court of Civil Appeals noted the lack of a "long-arm" provision authorizing service of process over nonresident defendants. However, that court held that the notice provisions contained within the UCCJA and PKPA were sufficient to satisfy the due process requirements of International Shoe v.Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In a similar argument, respondent Marvin Dean contends that so long as Kathy Dean retains minimum contacts with the State of Florida, despite the absence of an applicable "long-arm" provision, Florida has jurisdiction over her in personam. In support of this argument, Marvin Dean relies principally uponKulko v. Superior Court of California, 436 U.S. 84,98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).
These arguments evidence a fundamental misconception of the narrow question before this court. International Shoe and its progeny prescribe the constitutional parameters, or bases, upon which a state may authorize its courts to assert jurisdiction over nonresident defendants. The question here is not whether a "long-arm" statute asserting personal jurisdiction over a nonresident defendant based solely upon her marital domicile violates due process, but rather, what is the extraterritorial effect of a judgment entered by a court lacking the authority to assert jurisdiction over the nonresident, nondomiciled defendant? In essence, the fact that a state may authorize its courts to assert in personam jurisdiction to the constitutional limits articulated in International Shoe, does not mean that it has necessarily done so. See Restatement (Second) of Conflictof Laws pp 101-102 (1971); see also R. Leflar, AmericanConflicts Law Chapter 3 (2d ed. 1977).
In Kulko v. Superior Court of California, 436 U.S. at 86,98 S.Ct. at 1693, the Supreme Court considered whether a California state court, in an action for child support, could constitutionally exercise in personam jurisdiction over a nonresident, nondomiciliary parent of minor children domiciled in California. The California court based personal jurisdiction and service of process upon its "long-arm" statute which reads as follows: *Page 737 
 "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." See 410.10 Cal.Civ.Pro. Code Ann. (West 1973).
Thus, the focus in Kulko was whether the defendant had "certain minimum contacts with [California] such that the maintenance of the suit [did] not offend `traditional motions of fair play and substantial justice.'" Id., at 92, 98 S.Ct. at 1696 (quotingInternational Shoe, 326 U.S. at 316, 66 S.Ct. at 158 (1945)).
In contrast, as we have observed, Florida has no statute awarding such broad jurisdictional powers to its courts over nonresident defendants. To the contrary, Florida specifically restricts personal jurisdiction over nonresidents to the instances enumerated above, none of which authorizes the assertion of jurisdiction over Kathy Dean.
We hold that neither the Full Faith and Credit Clause of the United States Constitution, nor any legislation under its authority, entitles a child custody decree entered by a court lacking in personam jurisdiction over affected parties, to extraterritorial effect. May v. Anderson, 345 U.S. 543,73 S.Ct. 848. Accord Kulko v. Superior Court of California,436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). Accordingly, the Florida custody decree, which was entered without personal jurisdiction over Kathy Dean, is not entitled to full force and effect in Alabama. Having reached this conclusion, it is not necessary to address petitioner's second argument. The decision of the Court of Civil Appeals is due to be, and hereby is, reversed.
APPLICATION FOR REHEARING GRANTED; WRIT GRANTED; REVERSED AND REMANDED.
FAULKNER, JONES, ALMON and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX, SHORES and ADAMS, JJ., dissent.