THIGPEN, Judge.
Dennis W. Bandor (father) and Felicia W. Bandor (mother) were divorced by the Superior Court of Bibb County, Georgia. That court’s judgment, inter alia, granted custody of their three minor children to the mother and ordered the father to pay child support. In 1988, that order was modified to award custody of all three children to the father. Thereafter, the father relocated to Wisconsin, his present residence. In 1989, the mother relocated to Alabama. In June 1989, the father returned two of the children to the mother in Lee County, Alabama, where they have resided since. The third child remains in the father’s custody in Wisconsin.
In July 1992, the mother filed a petition in Lee County, Alabama, requesting a custody modification and support, alleging that the father had abandoned two of the children. She further alleged that she has received no support from the father and that the father has refused to allow her visitation with the child in his custody. She requested custody of all three children, reasonable child support, and an attorney fee.
*1255 The father filed a motion seeking a dismissal for lack of jurisdiction and challenging the jurisdiction of the court over him and the minor child in his custody. Following oral argument and the filing of briefs, the trial court entered its order, in substance, as follows:
“It appears to this Court that [Ala.Code 1975,] Section 30-3-23, Uniform Child Custody Jurisdiction Act, gives jurisdiction to this Court with reference to the two older children of the parties insofar as a custody modification is concerned. That statute does not appear to grant jurisdiction to this Court to deal with custody as to the youngest child of the parties.
“The MOTION TO DISMISS is granted as to the youngest child and denied as to the two older children.
“This case is set for trial on Wednesday, January 13, 1993, at 9:00 A.M., in Courtroom Number 4, Lee County Justice Center, Opelika, Alabama. Notice is hereby given to the [father] pursuant to Section 30-3-31, Code of Alabama, that his failure to appear at the trial of this cause may result in a decision adverse to him.”
At the trial, the court considered the testimony of the mother and an affidavit of the father in which he asserted that he was a resident of Wisconsin and that he had never been a resident of Alabama and had not been present in Alabama for many years prior to the filing of the petition. The trial court entered its order as follows:
“This matter is before the Court on MOTION FOR MODIFICATION OF CHILD CUSTODY filed by [the mother]. The [mother] appears in court with her attorney. The [father] appears through his attorney.
“[The father] objects to jurisdiction of this Court stating that there is no in per-sonam jurisdiction. The Court finds that there is jurisdiction to hear matters relating to custody by virtue of Section 30-3-23, Code of Alabama.
“The Court finds that there has been a material change in circumstances in that two of the minor children of the parties were voluntarily placed in custody of the [mother] by the [father] in 1989, and have remained in her custody since that time. [The mother] is therefore awarded custody of the two minor children, Scott Bandor and Dennis Bandor.”
It is from this order that the father appeals, contending that the trial court’s judgment is due to be reversed because, he says, that court did not have in personam jurisdiction over him, and contending that the trial court failed to comply with the Uniform Child Custody Jurisdiction Act (UCCJA).
Ala.Code 1975, § 30-3-23, states, in pertinent part:
“(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
“(1) This state:
“a. Is the home state of the child at the time of commencement of the pro-ceeding_”
The record discloses that the mother and two of the children had resided in Alabama for approximately two and one half years before the mother filed this petition. Clearly, therefore, the trial court had jurisdiction pursuant to Ala.Code 1975, § 30-3-23(a)(l)a. As this court has noted:
“[0]ne of the purposes of the UCCJA is to ‘[a]ssure that litigation concerning the custody of a child [including visitation rights, see Ala.Code (1975), § 30-2-22(2) ] take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available .... ’ Ala.Code (1975), § 30-3-21(a)(3).”
Jackson v. Jackson, 520 So.2d 530, 531 (Ala.Civ.App.1988).
This purpose is particularly accomplished in the case sub judiee where virtually all the significant evidence concerning the children’s present care originates in Alabama, rather than Georgia. Moreover, Georgia is no longer even the home of the father, who was residing in Wisconsin when the mother filed this petition.
*1256 The father cites Burrill v. Sturm, 490 So.2d 6 (Ala.Civ.App.1986), and Long v. Tate, 567 So.2d 326 (Ala.Civ.App.1990), to support his position that the trial court did not have the in personam jurisdiction over him necessary to enter a child custody modification. These cases involve jurisdiction not only as to custody, but as to orders of support, the modification thereof, and jurisdiction to issue such orders as to a nonresident. As noted in Burrill, supra, the UCCJA, in general, deals “with issues of child custody enforcement and not with issues of child support.” Burrill at 8. Moreover, “in interstate child custody matters, continuing jurisdiction to modify an original custody judgment is lost when the child and both parents have removed themselves from the state where the original judgment was rendered. 28 U.S.C.A. § 1738A(d) (West Supp.1985).” Brown v. Brown, 476 So.2d 114, 116 (Ala.Civ.App.1985).
The trial court correctly discerned that it had jurisdiction to modify the order relating to the custody of the two children residing with their mother in Alabama. Accordingly, for the foregoing reasons, its judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.