On Application for Rehearing

THOMPSON, Presiding Judge.
The opinion of October 8, 2010, is withdrawn, and the following is substituted therefor.
On June 11, 2003, the Circuit Court of the Fourth Judicial Circuit in Florida entered a judgment (hereinafter “the Florida divorce judgment”) divorcing Simon Andrew Weesner (“the father”) and Debra Rose Diefenbach (“the mother”). The Florida divorce judgment incorporated the terms of a settlement agreement reached by the parties. In pertinent part, the Florida divorce judgment awarded the mother primary physical custody of the parties’ minor child.
On November 2, 2009, the father, a resident of Limestone County, filed in the Limestone Circuit Court (hereinafter “the trial court”) a petition seeking to domesticate the Florida divorce judgment and seeking to modify the custody award in that judgment. In his petition, the father alleged that neither party remained in Florida, that the mother had lived in three different states since the parties’ 2003 divorce, and that the mother and the child had relocated to Minnesota from Illinois in September 2009. As a basis for his claim seeking a modification of child custody, the *1093 father alleged that the mother was in an abusive relationship and that the child had witnessed incidents of domestic abuse.
On January 30, 2010, the mother responded by moving to dismiss the father’s petition. In that motion to dismiss, the mother argued that the trial court could not properly exercise personal jurisdiction over her and that it lacked subject-matter jurisdiction over the father’s custody-modification claim. In her motion to dismiss, the mother asserted that she and the parties’ minor child do not currently live, and have never lived, in Alabama.
The trial court conducted a hearing on the mother’s motion to dismiss. On March 26, 2010, the trial court entered an order denying that motion. The mother timely filed a petition for a writ of mandamus in this court.
The denial of a motion to dismiss for lack of jurisdiction is reviewable upon a timely filed petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000); Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 57 (Ala.2006). With regard to an appellate court’s consideration of a petition for a writ of mandamus, our supreme court has stated:
“This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala. 1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987).”
Ex parte Flint Constr. Co., 775 So.2d at 808. In discussing the review of a denial of a motion to dismiss for lack of subject-matter jurisdiction, the court further explained:
“ ‘In Newman v. Savas, 878 So.2d 1147 (Ala.2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
“ ‘ “A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.”
“ ‘878 So.2d at 1148-49.’ ”
Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 21 (Ala.2007) (quoting Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 563 (Ala.2005)). Similarly,
“ ‘ “[i]n considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant’s affidavits, Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir.1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir.1990), and ‘where the plaintiffs complaint and the defen *1094 dant’s affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff.’ Robinson, 74 F.3d at 255 (quoting Madam v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990)). ‘For purposes of this appeal [on the issue of in personam jurisdiction] the facts as alleged by the ... plaintiff will be considered in a light most favorable to him [or her].’ Duke v. Young, 496 So.2d 87, 38 (Ala.1986).”
“ ‘Ex parte McInnis, 820 So.2d [795] at 798 [ (Ala.2001) ].’ ”
Ex parte Barton, 976 So.2d 438, 442-43 (Ala.2007) (quoting Ex parte Puedo, 923 So.2d 1069, 1072 (Ala.2005)).
Alabama has adopted the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”), codified at § 30-3B-101 et seq., Ala.Code 1975, to govern child-custody disputes involving, or potentially involving, more than one jurisdiction. With regard to modifying a custody judgment entered by a court of another state, Alabama’s version of the UCCJEA provides:
“Except as otherwise provided in Section 30-3B-204,[1] a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under Section 30-3B-201(a)(1) or (2) and:
“(1) The court of the other state determines it no longer has continuing, exclusive jurisdiction under Section 30-3B-202 or that a court of this state would be a more convenient forum under Section 30-3B-207; or
“(2) A court of this state or a court of the other state determines that the child, the child’s parents, and any other person acting as a parent do not presently reside in the other state.”
§ 30-3B-203, Ala.Code 1975.
In this case, there is no indication in the materials submitted to this court that the Florida court has declined to exercise its continuing jurisdiction. Accordingly, in order to have jurisdiction to modify the custody provisions of the Florida divorce judgment, the trial court would have to properly conclude that it had jurisdiction to make an initial custody determination pursuant to subsections (1) or (2) of § 30-3B-201 and that the parties and the child no longer reside in Florida. § 30-3B-203. See also Official Comment to § 30-3B-203, Ala.Code 1975 (“[A] court of the modification state can determine that all parties have moved away from the original state. The court of the modification state must have jurisdiction under the standards of Section 201.”).
The relevant portions of § 30-3B-201 provide:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(2) A court of another state does not have jurisdiction under subdivision
*1095 (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:
“a. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
“b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships.”
In this case, the parties do not dispute that they have moved from Florida. There is no contention that Alabama is the child’s home state or that it was the child’s home state within six months of the father’s initiation of the modification proceeding. Therefore, the trial court would not have had jurisdiction to make an initial custody determination under § 30-3B-201(a)(1). Thus, the trial court cannot base its jurisdiction for modifying custody pursuant to § 30-3B-203 on subsection (a)(1) of § 30-3B-201.
Section 30-3B-201 (a)(2) specifies, among other things, that, for the modifying court to properly exercise jurisdiction, a court of another state must not have jurisdiction pursuant to § 30-3B-201(a)(1) or the court in the child’s home state must have declined to exercise jurisdiction. § 30-3B-201(a)(2). There is no allegation or evidence in this matter indicating that the Florida court or a court of any other jurisdiction has declined to exercise jurisdiction over a custody action pertaining to the child. Accordingly, in order to determine whether the trial court could exercise jurisdiction under § 30-3B-201(a)(2) so as to meet the requirements of § 30-3B-203, we must examine whether a court of another jurisdiction has jurisdiction as the child’s home state under § 30-3B-201(a)(1).
The materials submitted to this court demonstrate that the mother and the child moved to Minnesota in September 2009, shortly before the father filed his November 2009 custody-modification action in the trial court. Thus, it is clear that the child had not resided in Minnesota for six months before the initiation of this action in November 2009 and, therefore, that a Minnesota court would not be a forum that could exercise jurisdiction over a custody dispute pursuant to § 30-3B-201(a)(1). See § 30-3B-201(a)(2).
Thus, under the facts of this case, the trial court may exercise jurisdiction to modify the custody provisions of the Florida divorce judgment if “[a] court of another state does not have jurisdiction under” § 30-3B-201(a)(1). § 30-3B-201(a)(2). The materials submitted to this court indicate that the mother and the child had moved to Minnesota from Illinois. However, nothing in those materials suggests for what length of time the mother and the child had resided in Illinois. All doubts on the sufficiency of the allegations in the petition must be resolved in favor of the father in reviewing the denial of the mother’s motion to dismiss. Ex parte Alabama Dep’t of Tramp., supra. The burden is on the mother, as the party seeking mandamus relief, to demonstrate her right to relief. Ex parte Flint Constr. Co., supra. Given the materials submitted in this matter, this court is unable to determine whether Illinois, or another state, has jurisdiction pursuant to subsection (a)(1) of § 30-3B-201. Accordingly, we must conclude that the mother has not demonstrated that the trial court would not have jurisdiction pursuant to § 30-3B-201(a)(2) to consider an initial custody determination or, therefore, that the trial court lacked jurisdiction to modify the Florida *1096 judgment under the UCCJEA. See § 30-3B-203, Ala.Code 1975 (in order to modify a foreign custody judgment, the trial court must, among other things, have jurisdiction to make an initial custody determination under subsections (1) or (2) of § 30-3B-201(a)). The mother has failed to meet her burden of demonstrating a clear legal right to relief with regard to her argument that the trial court lacked subject-matter jurisdiction under the UCCJEA to modify the Florida divorce judgment. Ex parte Flint Constr. Co., supra; Ex parte Duck Boo Int'l Co., 985 So.2d 900, 906 (Ala. 2007).
As an alternate basis for seeking relief pursuant to her petition for a writ of mandamus, the mother argues that the trial court could not properly consider the father’s custody-modification claim because, she contends, the trial court did not have personal jurisdiction over her. In response to that argument, the father cites Bandor v. Bandor, 636 So.2d 1254, 1255-56 (Ala.Civ.App.1994), in which this court held that, under former § 30-3-23, Ala. Code 1975, a part of the former Uniform Child Custody Jurisdiction Act (“UC-CJA”), formerly codified at § 30-3-20 et seq., Ala.Code 1975, the predecessor to the UCCJEA, the trial court could exercise home-state jurisdiction over a child-custody dispute despite the fact that it lacked in personam jurisdiction over one of the parents.
In 1999, after the decision in Bandor v. Bandor, supra, the Alabama Legislature repealed the UCCJA and reenacted a slightly modified version, the UCCJEA, under Chapter 3B of Title 30, Ala.Code 1975. See Act. No. 99-438, Ala. Acts 1999. Alabama’s version of the UCCJEA took effect on January 1, 2000. As the father points out, the Official Comment to § 30-3B-201[2] of Alabama’s version of the UC-CJEA states that, pursuant to the provisions of subsections (b) and (c) of that section, it is not necessary for a trial court to have personal jurisdiction over a parent in a custody proceeding under the UC-CJEA.
However, the Alabama Comment to § 30-3B-201, which addresses the specifics of the Alabama Legislature’s enactment of the Model Uniform Child Custody Jurisdiction and Enforcement Act (“the Model Act”), contradicts the Official Comment with regard to the exercise of in personam jurisdiction. The Alabama Comment indicates that, contrary to the general provisions of the Official Comment and the holding in Bandor v. Bandor, supra, our legislature intended that Alabama require in personam jurisdiction over the parties to an action filed pursuant to Alabama’s version of the UCCJEA. Subsection (c) of § 201 of the Model Act provides that “[plhysical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child-custody determination.” (Emphasis added.) In enacting the UCCJEA, the Alabama Legislature modified subsection (c) of § 201 of the Model Act; the Alabama version of that subsection provides that “[plhysical presence of a child is not necessary or sufficient to make a child custody determination.” § 30-3B-201(c). Thus, Alabama’s version of the UCCJEA omits the reference to personal jurisdiction contained in § 201(c) of the Model Act. With regard to that omission, the Alabama Comment to § 30-3B-201 explains:
“This section is similar to Section 201 of the [Model] Act except that subsection (c) deletes the language ‘or personal jurisdiction over a party or.’ The effect *1097 of this is to continue Alabama’s long standing 'practice of requiring personal jurisdiction over a party in a child custody determination. Ex parte Dean, 447 So.2d 733 (Ala.1984). Dean follows the plurality in May v. Anderson, 345 U.S. 528 (1953) which decided that a child custody determination is an in per-sonam proceeding that requires personal jurisdiction over the effected parties.
“May involved a custody dispute between the mother and father who lived in Wisconsin with their children. After marital difficulties occurred, the mother moved to Ohio with the children. Shortly thereafter the father filed for divorce in Wisconsin and was awarded custody of the children. Prior to the Wisconsin divorce, the mother was served in Ohio, although no long arm statute in Wisconsin authorized that type of service. The enforceability of the custody provision of the Wisconsin decree was challenged when the mother refused to return the children to the father after they visited with her in Ohio. The Ohio court ruled that it was obligated by full faith and credit to accept the Wisconsin decree as binding on the mother. The Supreme Court held in May that since the mother was neither domiciled, a resident nor present in the state where the decree was issued and personal jurisdiction was not obtained over her the judgment was not entitled to extraterritorial effect. The court reasoned that' the mother’s right to custody is ‘a personal right entitled to at least as much protection as her right to alimony.’ Id. at 534.
“In contrast to Alabama’s interpretation of May, many states as well as the drafters of the UCCJA and the UC-CJEA have chosen to rely on Justice Frankfurter’s concurring opinion in May. In his concurrence, Frankfurter opined that May did not hold that the Wisconsin decree violated the due process clause rather that the majority’s opinion was granted exclusively on the full faith and credit clause rather than due process. However, some view this position to be inconsistent with the cases cited by Justice Barton, who speaking for majority, cited cases which had rendered void custody decrees that were decided without personal service or the appearance of the noncustodial parent. Rhonda Wasserman, Parents, Partners and Personal Jurisdiction, 1995 U. Ill. Rev. 813, 878. Rather, those cases bolster the position that the majority did intend to hold that personal jurisdiction was necessary.
“This reasoning is consistent with a later decision of the Supreme Court, Kulko v. Superior Court of California, 436 U.S. 84 (1978). Kulko presented the issue of whether in an action for child support a state could exercise in persona jurisdiction over a nonresident, non domiciliary parent of a minor child who was domiciled within that state. Kulko held that the exercise of such jurisdiction would violate the due process clause of the fourth amendment. In Kulko the court followed the reasoning of International Shoe, 326 U.S. 310 (1945), and determined that personal jurisdiction was necessary over the party in an action for child support.
“Accordingly, Alabama’s position -with regard to personam jurisdiction in custody cases is consistent with May and in accord with Kulko. Moreover, by requiring personal jurisdiction in both child custody and child support issues, Alabama’s UCCJEA will not create the potential jurisdictional anomaly created by the ineongruent positions regarding personal jurisdiction under the UC-CJEA and the Uniform Interstate Family Support Act (UIFSA). Ergo, creating a situation in which a court, not *1098 having personal jurisdiction over a party may resolve custody issues while being precluded from resolving child support issues.”
(Emphasis added.)[3]
Accordingly, we agree with the mother that the trial court must have personal jurisdiction over her in order to enter a valid judgment on the father’s custody-modification claim. See Alabama Comment, § 30-3B-201, Ala.Code 1975; and Ex parte Dean, 447 So.2d 733, 735 (Ala. 1984) (“A child custody determination is an in personam proceeding requiring in per-sonam jurisdiction over the affected parties.”); see also Coleman v. Coleman, 864 So.2d 371, 374 (Ala.Civ.App.2003) (“[A] potential judgment awarding custody and child support necessarily fixes upon a [parent] a personal obligation for the care and support of the minor children and requires in personam jurisdiction over the [parent].” (citing May v. Anderson, 345 U.S. 528, 534, 73 S.Ct. 840, 97 L.Ed. 1221 (1953), and Lightell v. Lightell, 394 So.2d 41, 42-43 (Ala.Civ.App.1981))).
Jurisdiction over a nonresident defendant may be obtained through Alabama’s long-arm rule, Rule 4.2, Ala. R. Civ. P., which governs service of process on out-of-state residents; that rule provides, in pertinent part:
“(b) Basis for Out-of-State Service. An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States.... ”
Thus, the trial court could validly exercise personal jurisdiction over the mother only if she had sufficient minimum contacts with this state. Rule 4.2, Ala. R. Civ. P.; Ex parte Excelsior Fin., Inc., 42 So.3d 96, 100-01 (Ala.2010); and Ex parte Reindel, 963 So.2d 614, 617 (Ala.2007). The father, as the plaintiff in the action pending before the trial court, had the burden of demonstrating that the trial court had personal jurisdiction over the mother. Ex parte Excelsior Fin., Inc., 42 So.3d at 103 (citing Ex parte Covington Pike Dodge, Inc., 904 So.2d 226 (Ala.2004), and J.C. Duke & Assocs. Gen. Contractors, Inc. v. West, 991 So.2d 194, 196 (Ala.2008)).
In his petition to modify custody filed in the trial court, the father alleged that, since the entry of the Florida divorce judgment, the mother had moved from Florida and lived in North Carolina and Illinois with the child and that, at the time he filed his petition, the mother and the child had recently moved from Illinois to Minnesota. In her motion to dismiss, the mother agreed that she had resided in those other states, and she maintained that she was not and had not been a resident of Alabama.
*1099 In Coleman v. Coleman, supra, the mother sought a divorce from the father and an award of custody of the parties’ two minor children. The father moved to dismiss the mother’s complaint, arguing that, because he was a resident of Mississippi, the Alabama trial court lacked personal jurisdiction over him. The parties had been married in Alabama but had not lived here, and the father had exercised occasional visitation with the children in Alabama. The Alabama trial court denied the motion to dismiss, and this court treated the father’s appeal as a petition for a writ of mandamus and granted the petition. In doing so, this court stated:
“Two criteria essential for a party to establish personal jurisdiction over a defendant through the ‘minimum-contacts’ provision of [former] Rule 4.2[4] ... are (1) that the maintenance of the action must not offend the ‘ “traditional notions of fair play and substantial justice,”’ International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)), and (2) that the ‘ “quality and nature”’ of the defendant’s activities in this state must have been such that it is ‘ “reasonable” ’ and ‘ “fair” ’ to require him to defend here. Kulko v. Superior Court of California, 436 U.S. 84, 92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (quoting International Shoe, 326 U.S. at 316-17, 319, 66 S.Ct. 154).”
Coleman v. Coleman, 864 So.2d at 374. This court concluded that the evidence did not demonstrate that it was “ ‘reasonable and fair’ ” to require the father to litigate in Alabama. Coleman v. Coleman, 864 So.2d at 375.
In Beale v. Haire, 812 So.2d 356 (Ala. Civ.App.2001), the mother sought to domesticate a Maine divorce judgment and to enforce or modify portions of that judgment. The father moved to dismiss the mother’s action, arguing, among other things, that the Alabama trial court lacked personal jurisdiction over him. The Alabama trial court granted the motion to dismiss, and the mother appealed, arguing that under former Rule 4.2, Ala. R. Civ. P., the father had sufficient minimum contacts with Alabama. This court rejected the mother’s argument, holding that the father’s visiting the children in Alabama and, pursuant to the terms of the Maine judgment, submitting to a family psychological exam here did not constitute sufficient minimum contacts under Rule 4.2 so as to vest in personam jurisdiction in the Alabama trial court. Beale v. Haire, 812 So.2d at 358.
In this case, there is no indication that the mother had any connection with Alabama that would make it reasonable and fair to require her to litigate in Alabama or that requiring her to defend the father’s custody action here would not offend “ ‘ “traditional notions of fair play and substantial justice.” ’ ” Coleman v. Coleman, *1100 864 So.2d at 374. Even construing all doubts in favor of the father’s petition, see Ex parte Barton, supra, we cannot conclude that the trial court could properly exercise personal jurisdiction over the mother in this matter. The father, who had the burden of demonstrating that the trial court could properly exercise personal jurisdiction over the mother, see Ex parte Excelsior Financial, Inc., supra, alleged only that the mother had moved from Florida and had lived in North Carolina, Illinois, and Minnesota. The father’s petition contains no allegation pertaining to any connection the mother might have to Alabama.[5]
On application for rehearing, the father argues that, although he had the burden of demonstrating that the trial court had jurisdiction over the mother, as the petitioner in this court, the mother has the burden of demonstrating that he had not carried that burden. The father contends that because the mother failed to submit to this court a transcript from the hearing on the mother’s motion to dismiss, the mother has failed to carry that burden. The father cites cases for the proposition that evidence not contained in the record or presented to an appellate court is presumed sufficient to support the trial court’s judgment. See Greer v. Greer, 624 So.2d 1076, 1077 (Ala.Civ.App.1993) (“If the record does not disclose the facts upon which the asserted error is based, the error may not be considered on appeal.”), and Ex parte City of Birmingham, 757 So.2d 389, 392 (Ala.1999) (when oral testimony is not before the appellate court, the testimony is presumed sufficient to support the trial court’s judgment). In asserting this argument, however, the father fails to recognize that, in this case, nothing in the matters submitted to this court indicates that the trial court received ore tenus evidence. In fact, the trial court’s order denying the mother’s motion to dismiss states that it heard only the arguments of counsel. Thus, nothing before this court indicates that the trial court heard evidence that was not presented to this court.
The mother, as the party seeking the writ of mandamus directing the trial court to dismiss the action pending against her, has the burden of demonstrating a clear legal right to the relief requested. Ex parte Duck Boo Int’l Co., supra. Given the foregoing, we conclude that the mother has demonstrated that the trial court exceeded its discretion in determining that it had personal jurisdiction over her. Ex parte Flint Constr. Co., supra. Accordingly, we grant the mother’s petition and issue the writ of mandamus directing the trial court to enter an order dismissing the father’s petition.
APPLICATION FOR REHEARING OVERRULED; OPINION OF OCTOBER 8, 2010, WITHDRAWN; OPINION SUBSTITUTED; PETITION GRANTED; WRIT ISSUED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Section 30-3B-204, Ala.Code 1975, governs situations allowing a court to exercise temporary emergency jurisdiction over custody of a child. There has been no allegation that this case involves such an emergency situation, and, therefore, we do not discuss § 30-3B-204.

. Again, jurisdiction under § 30-3B-201(a)(l) or (2) is a prerequisite for jurisdiction to modify a child-custody judgment pursuant to § 30-3B-203.

. On application for rehearing, the father points out that comments to statutes are not, in themselves, law. See Simmons v. Clemco Indus., 368 So.2d 509, 514 (Ala.1979) ("Though the official comments are a valuable aid in construction, they have not been enacted by the legislature and are not necessarily representative of legislative intent."); see also Pinigis v. Regions Bank, 977 So.2d 446, 456 (Ala.2007) (same); and IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 348 (Ala.1992) (same). In each of those cases, the comments to the statutes being discussed were held not to be controlling because they differed in meaning from the clear language of the statutes. In this case, however, tire Alabama Comment to § 30-3B-201 is consistent with and explains the Alabama Legislature's decision to modify Alabama’s UCCJEA to omit the reference to personal jurisdiction. In reaching its holding, this court has relied on the language of § 30-3B-201, rather than on the comment to that statute.

. In 2004, Rule 4.2, Ala. R. Civ. P., was rewritten. The Committee Comments to Amendment to Rule 4.2 Effective August 1, 2004, explain:
"This rule has been completely rewritten and now combines the provisions for territorial limits of service. New subdivision 4.2(a) was formerly Rule 4(b). Subdivision 4.2(b) is taken from former 4.2(a)(1)(B). New 4.2(b) is, in effect, Alabama’s 'long-arm statute.’ The structure of former 4.2 included a ‘laundry list' of types of conduct that would subject an out-of-state defendant to personal jurisdiction in Alabama, as well as containing the ‘catchall’ clause now contained in new 4.2(b). Because the ‘catchall’ clause has consistently been interpreted to go to the full extent of federal due process, see, for example, Martin v. Robbins, 628 So.2d 614, 617 (Ala.1993), it is no longer necessary to retain the 'laundry list’ in the text of the Rule.”

. We note that, before this court, the father contended only that personal jurisdiction over the mother was not required. However, as already discussed, we have rejected that argument.