Rel: September 26, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2025

_____

## CL-2025-0653

_____

## Ex parte C.B.S.

## PETITION FOR WRIT OF MANDAMUS

## (In re: Matter of O.W.)

## (Franklin Juvenile Court: JU-20-290.01)

MOORE, Presiding Judge.

C.B.S. ("the custodian") has petitioned this court for a writ of mandamus directing the Franklin Juvenile Court ("the juvenile court") to grant her motion to dismiss the underlying case, which involves a motion by G.D. ("the mother") seeking the modification of the custody of O.W. ("the child"). For the following reasons, we grant the petition and issue the writ.

## Background

The materials before this court show that, on June 26, 2020, the Franklin County Department of Human Resources ("DHR") commenced a dependency action in the juvenile court relating to the child; the clerk of the juvenile court assigned that action case number JU-20-290.01. In a series of orders entered in case number JU-20-290.01, the juvenile court determined that the child was dependent and placed the child in a foster-care home with the mother, who was a minor. On July 29, 2022, the juvenile court entered in case number JU-20-290.01 a final judgment ("the July 29, 2022, judgment") that provided, in pertinent part:

> "Based upon the stipulation of facts, the [c]ourt finds and ORDERS as follows:
>
> "1) That the ... child ... remains dependent as defined by the Code of Alabama [1975], § 12-15-102(8).
>
> "2) Temporary custody is vested with [the custodian].
>
> "3) DHR is relieved of custody.
>
> "4) The parents shall have supervised visitation as the parties agree.
>
> "5) The matter shall be set for a review hearing at the request of one of the parties.

"6) The hearing previously scheduled for October 31, 2022, is CANCELED."

(Capitalization in original.) No further action was taken in case number JU-20-290.01 for over two years.

On August 19, 2024, the mother filed a handwritten letter requesting a modification of the July 29, 2022, judgment and seeking an award of sole custody of the child. On November 7, 2024, the juvenile court conducted a "review hearing," and, on November 12, 2024, the juvenile court entered an order maintaining custody of the child with the custodian but enlarging the visitation rights of the mother and ordering the custodian to provide the mother with certain information relating to the child. On June 6, 2025, after another "review hearing," the juvenile court again modified the visitation provision of the July 29, 2022, judgment to further expand the mother's visitation rights.

On July 29, 2025, the custodian, through newly retained counsel, filed a motion to dismiss the case. The custodian argued that the July 29, 2022, judgment was a final judgment and that the juvenile court had lost jurisdiction to amend that judgment in case number JU-20-290.01. The custodian argued that the juvenile court could modify the July 29, 2022, judgment only in a separate action. On July 30, 2025, the juvenile

court summarily denied the custodian's motion to dismiss. On August 13, 2025, the custodian filed her petition for the writ of mandamus with this court.[1]

## Standard of Review

The denial of a motion to dismiss for lack of subject-matter jurisdiction is reviewable by a petition for the writ of mandamus. See Ex parte F.G., 383 So. 3d 402 (Ala. Civ. App. 2023).

> "This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So. 2d 196, 198 (Ala. 1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So. 2d 704, 706 (Ala. 1987)."

---

[1]This court has original jurisdiction over petitions for the writ of mandamus arising from juvenile-court proceedings. See Ala. Code 1975, § 12-3-11. The custodian was unable to secure a transcript of the hearings in the underlying case; however, we find that the parties have sufficiently complied with Rule 21(a)(1)(F), Ala. R. App. P. (requiring a petitioner to include an appendix containing "copies of all parts of the record that are essential to understanding the matters set forth in the petition"), to enable this court to perform its review. See Ex parte Aldridge, 291 So. 3d 1184, 1190 (Ala. Civ. App. 2018).

Ex parte Flint Constr. Co., 775 So. 2d 805, 808 (Ala. 2000). In reviewing the denial of the motion to dismiss for lack of subject-matter jurisdiction, this court does not afford the ruling of the juvenile court a presumption of correctness. See Ex parte Diefenbach, 64 So. 3d 1091, 1093 (Ala. Civ. App. 2010).

<u>Analysis</u>

Generally, when a juvenile court enters a judgment awarding "temporary custody" of a dependent child to a nonparent as a conclusive disposition of the child, the judgment is considered a final judgment awarding "permanent custody" to the nonparent, see Ex parte J.P., 641 So. 2d 276, 278 (Ala. 1994) (explaining that all custody awards are inherently temporary but that a permanent-custody award stands until modified due to changed circumstances), even if the juvenile court reserves jurisdiction to conduct a review of the case. See J.F. v. J.S., 377 So. 3d 524, 525 (Ala. Civ. App. 2022). A juvenile court may retain jurisdiction to modify a final child-custody determination entered in a

dependency case. See Ala. Code 1975, § 12-15-117[2] and § 12-15-117.1.[3]

If so, to properly invoke the continuing jurisdiction of the juvenile court,

the petitioner must file a modification petition under a new case number[4]

and must pay the appropriate filing fee, see J.F. v. J.S., supra; T.J.H. v.

S.N.F., 960 So. 2d 669, 673 (Ala. Civ. App. 2006), unless the fee is

waived.[5] See V.L. v. A.W., 275 So. 3d 156 (Ala. Civ. App. 2018). A party

_____

[2]Section 12-15-117(a) provides, in pertinent part:

"Once a child has been adjudicated dependent ..., jurisdiction of the juvenile court shall terminate when the child becomes 21 years of age unless, prior thereto, the judge of the juvenile court terminates its jurisdiction by explicitly stating in a written order that it is terminating jurisdiction over the case involving the child."

The juvenile court did not explicitly terminate its jurisdiction, so it retained jurisdiction to modify the custody of the child.

[3]Section 12-15-117.1 confirms the "continuing jurisdiction of the juvenile court to modify and enforce a judgment in cases filed in juvenile court ...."

[4]The custodian contends that the mother would have had to file a petition to modify the July 29, 2022, judgment in the Lauderdale Juvenile Court because, she says, all the parties and the child had moved to Lauderdale County, see Ala. Code 1975, § 12-15-302(c); however, we express no opinion on the venue issue, which is not ripe for review based on our disposition of this mandamus petition.

[5]The custodian asserts that the mother failed to pay the filing fee or to obtain a waiver of the fee when she filed her motion to modify the

does not invoke the continuing jurisdiction of the juvenile court to modify a final judgment entered in a dependency case by filing a postjudgment motion in the same case number. See J.F. v. J.S., supra.

In this case, the juvenile court entered a final judgment in case number JU-20-290.01 on July 29, 2022. The judgment awarded the custodian permanent custody of the child, awarded the mother visitation,[6] relieved DHR of custody, and closed the matter, except for review upon the request of the parties. The mother had 14 days from July 29, 2022, to file a postjudgment motion directed to that judgment. See Rule 1(B), Ala. R. Juv. P. When no timely postjudgment motion was filed, the juvenile court lost jurisdiction over case number JU-20-290.01. See Ex parte Madison Cnty. Dep't of Hum. Res., 261 So. 3d 381, 385 (Ala. Civ. App. 2017). More than two years later, the mother filed a letter in case number JU-20-290.01, which the juvenile court treated as a motion

_____

July 29, 2022, judgment. However, we need not consider that point based on our disposition of this mandamus petition.

[6]The mother asserts that the July 29, 2022, judgment was not final because it left visitation to the discretion of the custodian. This court has considered such visitations orders to be voidable, see D.B. v. Madison Cnty. Dep't of Hum. Res., 937 So. 2d 535, 541 (Ala. Civ. App. 2006), but we have never held that such a visitation order negates the finality of a judgment.

7

to modify the July 29, 2022, judgment, but the juvenile court lacked jurisdiction to modify that judgment through postjudgment practice in case number JU-20-290.01. The juvenile court nevertheless conducted hearings, labeled as "review hearings," and entered orders modifying the July 29, 2022, judgment based on those hearings. Those orders, having been entered without jurisdiction, are void. Id. at 386.

After the juvenile court had been acting without jurisdiction for almost one year, the custodian filed a motion to dismiss case number JU-20-290.01 for lack of subject-matter jurisdiction. The juvenile court denied the motion without explanation. Perhaps the juvenile court determined that it could enter further orders in case number JU-20-290.01 based on its having reserved jurisdiction to review the case if requested by one of the parties. However, that reservation did not defeat the finality of the July 29, 2022, judgment, see J.F. v. J.S., supra, and it did not alter the procedure that must be followed to obtain modification of that judgment. Regardless of the reservation, the juvenile court could not modify the July 29, 2022, judgment in case number JU-20-290.01. The juvenile court retained jurisdiction to modify the July 29, 2022,

8

judgment, but not in the same case, which had been concluded. Therefore, the juvenile court erred in denying the motion to dismiss.

Conclusion

The custodian had a clear legal right to an order granting her motion to dismiss the case because the juvenile court had lost jurisdiction over case number JU-20-290.01. That jurisdiction could not be revived by the mother's filing of a motion to modify the judgment in the same case number. The juvenile court had an imperative duty to dismiss the case, yet it refused to do so despite a valid request from the custodian for such relief. Lacking any other adequate remedy, the custodian is entitled to a writ of mandamus directing the juvenile court to grant her motion to dismiss. Furthermore, the custodian is also entitled to a writ of mandamus directing the juvenile court to vacate its void orders entered on or after August 19, 2024, in case number JU-20-290.01. Therefore, we grant the petition and issue a writ directing the juvenile court to grant the custodian's motion to dismiss and to vacate all orders entered in case number JU-20-290.01 on or after August 19, 2024. Nothing in our opinion should be construed as preventing the mother from filing a new

petition to commence a new juvenile-court action to seek modification of the July 29, 2022, judgment.

PETITION GRANTED; WRIT ISSUED.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.