In these consolidated appeals, W.E.C. ("the father") and J.C. ("the mother") appeal *Page 850 
the final judgment of the Madison Juvenile Court transferring legal custody of their minor daughter, C.C. ("the child"), to the child's maternal great aunt, P.T. Because the record on appeal is inadequate for review by this court, we transfer these appeals to the Madison Circuit Court pursuant to Rule 28(D), Ala. R. Juv. P., for a trial de novo in accordance with Rule 28(B), Ala. R. Juv. P.
On November 21, 2003, the Madison County Department of Human Resources ("DHR") filed a dependency petition in the juvenile court. Subsequently, P.T. moved to intervene for the purpose of seeking custody of the child, and the juvenile court granted her motion. P.T. then filed her petition for custody. Eventually, the juvenile court scheduled a hearing on temporary custody for June 8, 2004. A transcript of the June 8 proceeding is in the record on appeal. At the June 8 proceeding, the parties did not present any evidence. Instead, the parties stipulated to the dependent status of the child, to an award of temporary legal custody to DHR, and to an award of temporary physical custody to P.T. Thereafter, the juvenile court entered a written order on the June 8 hearing. That order gave effect to the parties' stipulations and set the case for further review in August 2004.
The record on appeal indicates that the juvenile court reviewed the case on August 6, 2004. However, the record on appeal does not contain a transcript of the proceeding before the juvenile court on that date. On September 14, 2004, the juvenile court entered a written judgment based upon the August 6 proceeding. That judgement transferred legal custody of the child from DHR to P.T. and closed the matter to further court review. The mother and the father appealed from that September 14, 2004, judgment, and the juvenile court, pursuant to Rule 28(A)(1)(a), Ala. R. Juv. P., certified the record on appeal as adequate for review by this court.
The absence from the record on appeal of a transcript of the August 6 proceeding renders the record on appeal inadequate for an appeal to this court. The certification by the juvenile court that the record on appeal is adequate for review by this court does not alter that conclusion. Rule 28(B), Ala. R. Juv. P., provides that an appeal from a juvenile court shall be to the circuit court for a trial de novo when the record on appeal is inadequate for review by an appellate court. Rule 28(D), Ala. R. Juv. P., provides that "[a]n appellate court or circuit court may transfer an appeal that it determines should have been transferred to or brought in another court to that other court." Accordingly, we transfer the mother's and the father's appeals to the Madison Circuit Court for a trial de novo.
APPEALS TRANSFERRED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.