R.G. ("the mother") appeals a judgment awarding custody of her child, S.G., to N.G. ("the maternal grandmother") and awarding custody of her children, Jal.M. and Jac.M., to CM., the father of Jal.M. and Jac.M. For the reason discussed below, we transfer the case to the Jefferson Circuit Court for a trial de novo. *Page 418 
On December 8, 2005, the Jefferson County Department of Human Resources ("DHR") petitioned the juvenile court to find S.G., Jal.M., and Jac.M. (collectively referred to hereinafter as "the children") dependent based on allegations that the mother's boyfriend, E.D., a convicted sex offender, had raped S.G. and that the mother had threatened to commit suicide by "run[ing] her car [off] a bridge."
The juvenile court held a shelter-care hearing regarding the dependency petition on December 9, 2005. A transcript of that hearing was not included in the record on appeal. The juvenile court then entered an order that adjudicated the children dependent, based on an admission of their dependency, and awarded custody of S.G. to the maternal grandmother and awarded custody of Jac.M. and Jal.M. to CM., subject to the mother's visitation rights. The juvenile court also ordered DHR to closely supervise the parties.
The juvenile court then held adjudicatory and/or dispositional hearings on March 31, 2006, May 31, 2006, and August 9, 2006. Transcripts of those hearings are not included in the record on appeal.
The juvenile court then held another hearing on February 14, 2007; a transcript of that hearing is also not contained in the record on appeal. After holding that hearing, the juvenile court entered a judgment, on February 21, 2007, that awarded custody of S.G. to the maternal grandmother and awarded custody of Jal.M. and Jac.M. to CM., subject to the mother's visitation rights. It also ordered the mother to pay $100 per month in child support. The juvenile court then relieved DHR of its obligation to supervise the children and closed the case to further review. The mother timely appealed. The juvenile court certified the record as adequate for appellate review pursuant to Rule 28(A)(1)(a), Ala. R. Juv. P.
The record on appeal indicates that the juvenile court held a shelter-care hearing on December 9, 2005, and adjudicatory and/or dispositional hearings on March 31, 2006, May 31, 2006, August 9, 2006, and February 14, 2007. However, the record on appeal does not contain a transcript of those hearings. Because the transcripts of the March 31, 2006, May 31, 2006, August 9, 2006, and February 14, 2007, hearings are not included in the record on appeal, the record is inadequate for appellate review. See W.E.C. v. Madison County Dep't of HumanRes., 909 So.2d 849 (Ala.Civ.App. 2005) (concluding that the record on appeal was inadequate for appellate review because the transcript of the proceeding was not included in the record). We further note that the juvenile court's certification of the record does not render the record adequate. See id.
In W.E.C., 909 So.2d at 850, this court stated:
 "Rule 28(B), Ala. R. Juv. P., provides that an appeal from a juvenile court shall be to the circuit court for a trial de novo when the record on appeal is inadequate for review by an appellate court. Rule 28(D), Ala. R. Juv. P., provides that `[a]n appellate court or circuit court may transfer an appeal that it determines should have been transferred to or brought in another court to that other court.'"
In accordance with Rule 28(D), Ala. R. Juv. P., we transfer the mother's appeal to the Jefferson Circuit Court for a trial de novo.
APPEAL TRANSFERRED.
 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur. *Page 419