PITTMAN, Judge.
C.J. (“the mother”) appeals from three juvenile-court judgments determining that her children, A.J., who was born in 1995; M.J., who was born in 1998; and Mo.J., who was born in 2001, were dependent; those judgments awarded custody of the children to Ma.J. (“the father”) and relieved the Jefferson County Department of Human Resources (“DHR”) from the responsibility of providing reunification services to the mother. Because the record on appeal is inadequate for review by this court, we transfer this appeal to the Jefferson Circuit Court pursuant to Rule 28(D), Ala. R. Juv. P., for a trial de novo in accordance with Rule 28(B), Ala. R. Juv. P.
In October 2010, DHR filed dependency petitions as to the children after Mo.J. had told her school counselor that her mother suffered from bipolar disorder and had not been receiving treatment or taking the proper medication to control her medical condition. Following a shelter-care hearing, the children were placed by DHR in the father’s home. In December 2010, the juvenile court conducted a hearing on the merits and entered adjudications of dependency based upon stipulations that the mother did not have stable housing or a stable income. At the conclusion of that unrecorded hearing, the juvenile court awarded custody of the children to the father and ordered DHR to close the case file on the mother.
The mother appeals and asserts that she did not, in actuality, stipulate as to any *269 substantive issue that would support a determination that the children were dependent. The juvenile court, pursuant to Rule 28(A)(1)(a), Ala. R. Juv. P., certified the record on appeal as adequate, although that certification specifically notes that “no transcript” of the hearing exists.
We have previously addressed the fact that a juvenile court’s certification of the record does not, in and of itself, render the record adequate so as to allow appellate review by this court. See W.E.C. v. Madison Cnty. Dep’t of Human Res., 909 So.2d 849, 850 (Ala.Civ.App.2005), and R.G. v. C.M., 980 So.2d 417, 418 (Ala.Civ.App.2007). In W.E.C., we held that a certification by the juvenile court, made pursuant to Rule 28(A)(1)(a), Ala. R. Juv. P., that the record on appeal in that case was adequate for appellate review was not conclusive as to the issue of jurisdiction; we transferred the appeal in that case to the appropriate circuit court because the appellants had challenged the correctness of a juvenile-court custody judgment entered after an untranscribed hearing.
The absence from the record of a transcript of the December 2010 proceeding wherein factual stipulations were apparently made, upon which stipulations the juvenile court based its adjudications of dependency, renders the record on appeal in this case inadequate for review by this court. Rule 28(B), Ala. R. Juv. P., provides that an appeal from a juvenile court shall be to the circuit court for a trial de novo when the record on appeal is inadequate for review by an appellate court. Rule 28(D), Ala. R. Juv. P., provides that “[a]n appellate court or circuit court may transfer an appeal that it determines should have been transferred to or brought in another court to that other court.” Accordingly, we transfer the mother’s appeal to the Jefferson Circuit Court for a trial de novo.
APPEAL TRANSFERRED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.