MOORE, Judge.
F.G. (“the mother”) appeals from a judgment entered by the Shelby Juvenile Court (“the juvenile court”) awarding custody of her children, L.P.G. and K.R.G. (“the children”), to A.S., the children’s maternal uncle (“the maternal uncle”), and awarding the mother visitation with the children as arranged by and agreed upon by the parties.
On appeal, the mother argues that the juvenile court erred in certifying the rec *1006 ord as adequate for review by this court because, she says, not all of the hearings are transcribed in the record on appeal. We agree.
“In W.E.C. [v. Madison County Department of Human Resources], 909 So.2d [849,] 850 [(Ala.Civ.App.2005)], this court stated:
“ ‘Rule 28(B), Ala. R. Juv. P., provides that an appeal from a juvenile court shall be to the circuit court for a trial de novo when the record on appeal is inadequate for review by an appellate court. Rule 28(D), Ala. R. Juv. P., provides that “[a]n appellate court or circuit court may transfer an appeal that it determines should have been transferred to or brought in another court to that other court.” ’ ”
R.G. v. C.M., 980 So.2d 417, 418 (Ala.Civ.App.2007).
In the present case, there is only one hearing transcribed in the record. At that hearing, the juvenile court indicated that it would be considering “all the things that have gone on in this case before today.” Further, although at that hearing no ore tenus testimony was taken, the juvenile court stated in its judgment that it had considered ore tenus testimony. Thus, it appears that the juvenile court considered evidence from previous hearings, the transcripts of which have not been included in the record on appeal. Therefore, “[i]n accordance with Rule 28(D), Ala. R. Juv. P., we transfer the mother’s appeal to the [Shelby] Circuit Court for a trial de novo.” R.G., 980 So.2d at 418.
APPEAL TRANSFERRED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ„ concur.