

S.J.

v.

K.J.

K.J.

v.

S.J.

2140645.

Court of Civil Appeals of Alabama.

April 8, 2016.

Randall W. Nichols of Massey, Stotser & Nichols, PC, Birmingham, for appellant/cross–appellee, S.J.

Casandra D. Velarde, Bessemer, for appellee/cross–appellant K.J.

MOORE, Judge.

S.J. ("the maternal grandmother") appeals from a judgment entered by the Bessemer Division of the Jefferson Juve-

nile Court ("the juvenile court") awarding custody of K.H.J. ("the child") to the child's father, K.J. ("the father"). We transfer that appeal. The father filed a cross-appeal. Based on our disposition of the appeal, we dismiss the cross-appeal.

### Procedural History

On March 25, 2014, the maternal grandmother filed a petition alleging that the child was dependent as a result of the death of A.J., the child's mother. On May 1, 2014, the juvenile court entered an order finding that, because the mother had been exercising sole custody of the child at the time of her death, the child was dependent. The juvenile court awarded the father pendente lite custody of the child and awarded the maternal grandmother specified visitation with the child. The juvenile court set the case for a dispositional hearing. After that hearing, which was held over several days, the juvenile court entered a judgment on May 1, 2015, awarding custody of the child to the father and awarding the maternal grandmother visitation. On May 15, 2015, the maternal grandmother filed her notice of appeal to this court. That same day, the father and the maternal grandmother filed postjudgment motions.[1] On May 28, 2015, the juvenile court entered an order, pursuant to Rule 1(B)(1), Ala. R. Juv. P., extending the time to rule on the postjudgment motions. On June 2, 2015, the juvenile court denied both postjudgment motions. On June 16, 2015, the father filed his notice of cross-appeal to this court.

### Discussion

#### I. The Maternal Grandmother's Appeal

The maternal grandmother appeals from the final judgment of the juvenile court awarding custody of the child to the father. This court may exercise jurisdiction of such an appeal if the record is adequate for our review. See Rule 28(A)(1), Ala. R. Juv. P.

■ Rule 28(A)(1), Ala. R. Juv. P., provides, in pertinent part:

"(c) An adequate record of the proceeding is available pursuant to one of the following circumstances:

"(i) Proceeding Recorded by Electronic Means. Other than as addressed by (ii) below, if the proceeding has been recorded by electronic means, the juvenile court judge designates a person to transcribe the record of the proceeding and to prepare a reporter's transcript in accordance with the provisions of Rule 10(b)(2) of the Alabama Rules of Appellate Procedure, and the juvenile court judge certifies that the record of the proceeding is adequate.

"(ii) Proceeding Recorded by a Court Reporter Present at the Proceeding. If a licensed court reporter or reporters are present at the proceeding to record the proceeding, the reporter or reporters, upon being designated by the juvenile court judge to do so, shall transcribe the record of the proceeding and prepare a reporter's transcript in accordance with the provisions of Rule 10(b)(2) of the Alabama Rules of Appellate Procedure."

The maternal grandmother argues that the record is not adequate for appellate review.

The record before this court shows that the juvenile court entered an order on May 1, 2014, adjudicating the child as a dependent child. In that order, the juvenile court also awarded the father pendente lite custody of the child. The maternal grandmother moved the juvenile court to set aside that part of its order awarding the

---

1. The maternal grandmother's appeal was held in abeyance pending the disposition of the postjudgment motions. See Rule 4(a)(5), Ala. R.App. P.

father pendente lite custody of the child, and the juvenile court held evidentiary hearings on the motion on May 20, June 10, and June 16, 2014, at which it received testimony from 17 witnesses. On July 3, 2014, the juvenile court denied the maternal grandmother's motion to set aside the pendente lite custody order.

The juvenile court subsequently held a series of dispositional hearings on August 26, September 3, October 1, November 12, and November 17, 2014. At the beginning of the September 3, 2014, hearing, the attorney for the father moved the juvenile court to exclude any evidence that was cumulative of the evidence introduced in the May 20, June 10 and June 16, 2014, hearings (referred to hereinafter collectively as "the earlier hearings"). During the colloquy amongst the attorneys and the juvenile court regarding the father's request, the juvenile-court judge indicated that it would not rehear the same testimony from the witnesses, but the judge stated that, "[i]f there is something new and different that they have to add, the Court will entertain that."[2] Subsequently, the juvenile court enforced its ruling by excluding testimony during the September 3, 2014, hearing that was cumulative of the testimony presented at the earlier hearings. After the dispositional hearings had concluded, the juvenile court reopened the case to hear additional testimony on January 20, 2015. On April 16, 2015, the juvenile court also heard a motion to supplement the record of the dispositional hearings, which motion was denied.

As noted earlier, the juvenile court entered a final judgment awarding the father custody of the child on May 1, 2015. In its judgment, the juvenile court indicated that it had based its determination on the testimony heard at the dispositional hearings and from the content of 25 exhibits that had been entered into evidence during those dispositional hearings. However, from the juvenile court's ruling on the father's request at the September 3, 2014, hearing to exclude any evidence that was cumulative of the evidence introduced at the earlier hearings, it is evident that the juvenile court also considered any relevant testimony from the earlier hearings, because the juvenile court stated that it did not wish to "rehear" the same testimony because it would be "cumulative." Moreover, six of the exhibits upon which the juvenile court relied in its final judgment— Exhibits 1, 4, 5, 6, 7, and 8—apparently were entered into evidence at the earlier hearings.[3] Thus, the record is clear that the juvenile court did not base its custody determination solely on the evidence produced at the dispositional hearings that took place between August 2014 and January 2015.

The maternal grandmother filed her notice of appeal on May 15, 2015. In her notice, the maternal grandmother requested that the juvenile-court clerk include in its record the entire juvenile-court record, including all exhibits. The maternal grandmother also ordered transcripts from seven different court reporters requesting the complete transcript of the proceedings that each reporter had recorded along with copies of all exhibits. On July 15, 2015, the clerk of the juvenile court certified that it had completed and transmitted its record to this court; however, the record

---

**2.** In the final judgment, the juvenile court issued a written ruling on the father's motion in limine, providing, in pertinent part, "[t]hat the court[] will only entertain new and relevant testimony from the witness[es] that have already testified."

**3.** The reporters' transcripts from the dispositional hearings do not indicate that those exhibits were entered into evidence during those hearings.

did not contain the reporters' transcripts. On July 20, 2015, the maternal grandmother moved the juvenile court to supplement the record to include the transcripts, which motion was granted. On September 4, 2015, one of the court reporters filed a "Certificate of Completion of Reporter's Transcript" certifying that she had filed with the clerk of the juvenile court "the original of a true and correct transcript of the evidence and matters designated by the parties." On September 28, 2015, the juvenile-court judge certified the record, as supplemented by the reporters' transcripts, as adequate for review.[4]

Although this court has apparently located the exhibits from the earlier hearings,[5] to which the juvenile court refers in its final judgment, the record does not contain a transcript of the witness testimony from the June 10 and June 16 hearings. The record also does not contain a transcript from the January 20, 2015, hearing, the express purpose of which was to receive additional testimony.[6] In her brief to this court, the maternal grandmother states that no transcript exists for those hearings. In his brief, the father does not dispute that contention, but he maintains that a court reporter retained by the maternal grandmother was present at those proceedings and that it was the responsibility of the maternal grandmother to assure that the court reporter transcribed the testimony for the appellate record. See Rule 28(A)(1)(c)(ii). In her reply brief, the maternal grandmother indicates that only electronic recordings of those hearings were made and that it was the duty of the juvenile court to have those recordings transcribed under Rule 28(A)(1)(c)(i).

This court is not in a position to determine the circumstances by which the hearings were recorded. Regardless, the record shows that the maternal grandmother not only ordered transcripts of all the hearings but that her appellate counsel moved the juvenile court at least twice to supplement the record to include missing reporter's transcripts. Moreover, it has been certified to this court that all available reporter's transcripts of the proceedings have been submitted to the clerk of the juvenile court and to this court. For whatever reason, no transcripts of the June 10 and June 16, 2014, and January 20, 2015, hearings exist. This court cannot address the main issue raised by the maternal grandmother—that the evidence does not support the juvenile court's decision to award the father custody of the child—without reviewing the missing testimony.

■■■ Although the juvenile court certified the record as adequate for appellate review, that certification is not binding on this court. R.G. v. C.M., 980 So.2d 417, 418 (Ala.Civ.App.2007). When a juvenile court indicates in its judgment that it considered witness testimony for which no transcript exists, the juvenile-court record is not adequate for this court to review an issue regarding the sufficiency of the evidence. See F.G. v. A.S., 86 So.3d 1005,

---

4. The record was later supplemented on October 27, 2015, to include a transcript of the November 17, 2014, hearing.

5. All the exhibits were transmitted to this court in sequentially numbered sealed envelopes; however, the numbers on the envelopes do not correspond to the numbers on the exhibits themselves. After considerable effort, court staff located exhibits marked as numbers 1, 4, 5, 6, 7, and 8. This court considers those exhibits to be the same numbered exhibits to which the juvenile court referred in its final judgment.

6. The record also does not contain a transcript of the April 16, 2015, proceeding, but it is obvious from the purpose of that proceeding and from the subsequent written order of the juvenile court that no additional evidence was presented or entered into the record at that proceeding.

1005–06 (Ala.Civ.App.2011). Rule 28(B), Ala. R. Juv. P., provides that appeals from final judgments in cases in which the record is not adequate for review by this court "shall be to the circuit court for trial de novo...." Rule 28(D), Ala. R. Juv. P., provides that "[a]n appellate court ... may transfer an appeal to another court if it determines that the appeal should be transferred to or should have been brought in that court." On that authority, we transfer the maternal grandmother's appeal to the Bessemer Division of the Jefferson Circuit Court for a trial de novo.

 The maternal grandmother also argues that the juvenile-court judge should have recused herself, that the juvenile court erred in examining the child in camera, that the juvenile court employed the wrong legal standard when making its custody determination, and that the juvenile court erred in awarding the father custody of the child. Because we are transferring the case to the circuit court for a trial de novo, we do not consider those issues. "In a trial de novo the whole case is considered as if there had been no prior proceedings." *Williams v. Deerman*, 587 So.2d 381, 383 (Ala.Civ.App.1991). On an appeal to the circuit court for a trial de novo, "all errors committed in the inferior court are deemed to have been waived." *Alabama Equity Corp. v. Hall*, 46 Ala.App. 143, 147, 239 So.2d 215, 218 (Civ.App.1970).

### II. *The Father's Cross–Appeal*

In the final judgment, the juvenile court awarded the maternal grandmother visitation with the child. The father moved the juvenile court to vacate the visitation award. The juvenile court denied the motion. The father filed his cross-appeal to seek appellate review of the grandparent-visitation award. However, because we have transferred the maternal grandmother's appeal for a trial de novo, the judgment of the juvenile court is annulled and vacated. *See Thurman v. Thurman*, 454 So.2d 995, 997 (Ala.Civ.App. 1984). Thus, the cross-appeal is moot and is due to be dismissed. *See generally Beiersdoerfer v. Hilb, Rogal & Hamilton Co.*, 953 So.2d 1196, 1207 (Ala.2006) (dismissing cross-appeal as moot).

APPEAL TRANSFERRED TO THE BESSEMER DIVISION OF THE JEFFERSON CIRCUIT COURT; CROSS–APPEAL DISMISSED.

THOMPSON, P.J.; and PITTMAN, THOMAS, and DONALDSON, JJ., concur.