PITTMAN, Judge.
In this paternity and custody action, A.L.F. ("the mother") has petitioned this court for a writ of mandamus directing the Jefferson Family Court ("the juvenile court") to "certify [its] record for appeal." We deny the mother's petition.
Procedural Background
In May 2014, E.A.B. ("the father") filed a petition in the juvenile court requesting that he be declared the biological parent of the mother's then unborn child. It appears that the juvenile court held a two-day ore tenus trial in October 2015.
In December 2015, the juvenile court entered a judgment declaring the father to be the child's biological parent, awarding him visitation with the child, and directing him to pay the mother child support. According to the mother's mandamus petition, the father filed a postjudgment motion that was, pursuant to Rule 59.1, Ala. R. Civ. P., denied by operation of law. The materials before this court indicate that, on January 25, 2016, the father filed a notice of appeal from the juvenile court's judgment, designating this court as the appropriate appellate court.
The father's notice of appeal also indicated that a transcript of the proceedings would be ordered and designated Tracy Richardson as the court reporter who would create the transcript. In her mandamus petition, the mother describes Richardson as the juvenile court's regular "in-house" court reporter. The mother asserts, however, that Richardson was not present for the trial. Attached to the mother's mandamus petition is a portion of a trial transcript indicating that a different court reporter, Jennifer Gremmels, had been present for the trial. The mother asserts that, because of what she suggests was the father's failure to designate the correct court reporter, the juvenile-court clerk transferred the father's appeal to the Jefferson Circuit Court ("the circuit court") for a trial de novo. See generally Rule 28(B), Ala. R. Juv. P. (indicating that an appeal from a final judgment of a juvenile court shall be to the circuit court for a trial de novo when there does not exist an "adequate record" for a direct appeal to an appellate court).
On March 16, 2016, the mother filed in the juvenile court a "request for certification of adequate record." In that request, she asserted: "[The mother] believes [that the juvenile court] has an adequate record from the trial of this case."[1] Alternatively, *601 the mother asserted that a court reporter, Gremmels, had been present during the trial and had recorded the proceedings. In her prayer for relief, the mother requested the juvenile court to "certify the adequate record" or to direct the father to "bear the costs of providing a transcript of the trial to be certified as an adequate record."
On March 23, 2016, the juvenile court, without explanation, denied the mother's motion. The mother asserts that, thereafter, she obtained from Gremmels a transcript of the trial testimony. On May 5, 2016, the mother filed a motion with the juvenile court, which was styled as a "request for certification of trial transcript as an adequate record." The mother purported to attach to that motion a copy of the transcript she had obtained from Gremmels, and she requested the juvenile court to "certify the trial transcript as an adequate record" for a direct appeal to this court. The next month, the mother filed a motion in the circuit court requesting that court to dismiss the father's appeal. Thereafter, the circuit court entered an order temporarily staying the proceedings in the circuit court, pending resolution of the issues raised by the mother in the juvenile court. On August 10, 2016, the juvenile court entered an order denying the mother's "request for certification of trial transcript as an adequate record."
The mother did not file a mandamus petition or an appeal challenging the juvenile court's August 10, 2016, order. Rather, on October 12, 2016, the mother, having obtained new counsel, filed, in the juvenile court, a "renewed motion to dismiss/motion to reconsider."[2] In her motion, the mother asked the juvenile court to reconsider its prior rulings denying the mother's requests to "certify" the record as adequate. In her prayer for relief, the mother requested the juvenile court to "formally designate the court reporter present at [the] trial and/or to certify the transcript of the same as necessary to allow this matter to properly proceed to appeal." On March 10, 2017, the juvenile court entered an order denying the mother's motion. Fourteen days later, the mother filed her mandamus petition.
Discussion
The father argues that the mother's mandamus petition was not timely filed. The parties agree that the mother was required to file her petition "within a reasonable time" and that the presumptively reasonable time in a juvenile proceeding is 14 days from the entry of the order sought to be reviewed. See Rule 21(a)(3), Ala. R. App. P. (stating that the presumptively reasonable time for the filing of a mandamus petition is "the same as the time for taking an appeal"); and Rule 4(a)(1), Ala. R. App. P. (stating that an appeal from a final judgment entered by a juvenile court is to be filed within 14 days of the entry of that judgment).
The juvenile court denied the mother's first motion, styled as a "request for certification of adequate record," on March 23, 2016. On August 10, 2016, the juvenile court denied the mother's second motion, styled as a "request for certification of trial transcript as an adequate record," after the mother apparently had submitted a copy of the trial transcript she had obtained from Gremmels. The mother does not dispute that she filed her mandamus petition more than 14 days after entry of *602 the juvenile court's orders denying her first two motions. Rather, she points to her "renewed motion to dismiss/motion to reconsider," which was denied within 14 days of the filing of the mother's mandamus petition.
Motions to "reconsider" do not toll the deadline for seeking mandamus review. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala. 2003). The mother, however, draws a distinction between the relief requested in her last motion and the relief requested in her earlier motions. Thus, she implies, the last motion was not merely a motion to reconsider. Specifically, the mother points out that, in her last motion, she requested the juvenile court to "designate the court reporter present at [the] trial."
Rule 28(A)(1)(c), Ala. R. Juv. P., provides that an appeal from a final judgment of a juvenile court shall be to the appropriate appellate court if a right to a jury trial does not exist and if an adequate record of the proceeding is available. Otherwise, under Rule 28(B), Ala. R. Juv. P., an appeal shall be to the circuit court for a trial de novo. Under subsection (i) of Rule 28(A)(1)(c), an adequate record of a juvenile proceeding may be available in a proceeding that has been recorded by electronic means, if the juvenile court designates a person to transcribe the recording and to prepare a reporter's transcript in accordance with the Alabama Rules of Appellate Procedure and if the juvenile court certifies the record as adequate for appeal. This court notes, however, that it is not bound by a juvenile court's determination that a record is adequate. See S.J. v. K.J., 206 So.3d 641, 644 (Ala. Civ. App. 2016). Alternatively, under subsection (ii) of Rule 28(A)(1)(c), an adequate record may exist if a licensed court reporter is present to record the proceedings and, upon designation by the juvenile court to do so, the court reporter transcribes the record and prepares a reporter's transcript in accordance with the Alabama Rules of Appellate Procedure. The Comment to Amendment to Rule 28 Effective July 1, 2014, states, in part:
"Subsection (A) of Rule 28 was amended to eliminate the necessity of certifying the record as adequate in designated circumstances. Specifically, the juvenile court judge must certify that the record is adequate unless a licensed court reporter was present to record the proceeding, and the court reporter certifies the record as provided by the Alabama Rules of Appellate Procedure."
The mother asserts that her first two motions sought certification by the juvenile court of an alleged audio recording as an adequate record for direct appeal to this court, presumably pursuant to Rule 28(A)(1)(c)(i), and that her third motion sought formal designation of a court reporter, presumably pursuant to Rule 28(A)(1)(c)(ii). The mother's first motion, however, set forth not only the mother's position that the juvenile court "had an adequate record from the trial of this case," but also her alternative position that Gremmels was available to prepare a transcript of the proceedings. In her second motion, in requesting the juvenile court to take steps the mother believed necessary to have the appeal proceed in this court, the mother relied exclusively on the transcript she had obtained from Gremmels. Although the mother did not use the specific term "designate" until she filed her third motion, we view the substance of the first two motions as, at least in part, requests under Rule 28(A)(1)(c)(ii). It is somewhat noteworthy that, in her mandamus petition, the mother describes her initial request for "certification" as a motion to correct a clerical mistake under Rule 60(a), Ala. R. Civ. P., which, she *603 suggests, authorized the juvenile court to correct an allegedly improper designation of the court reporter, and she asserts that her later motions "were for reconsideration of her original Rule 60(a) motion." Even if this court were to draw the same distinction the mother draws, we note that, in her mandamus petition, the mother asks this court to direct the juvenile court to "certify the record for appeal," not to "designate the court reporter present at [the] trial."[3]
In addition, it appears that this matter is moot. The materials before this court indicate that, before the mother filed her mandamus petition, the parties entered into an agreement resolving the issues pending in the circuit court. It also appears that the parties submitted their agreement to the circuit court, which apparently entered a judgment incorporating the agreement.[4] Although the circuit court had, at one point, temporarily stayed the appeal in the circuit court, it does not appear that the proceedings were ever remanded to the juvenile court. It appears that, at the time the circuit court entered its judgment, steps necessary for the establishment of an adequate record for a direct appeal to this court, including certification under Rule 28(A)(1)(c)(i), Ala. R. Juv. P., or the designation of a court reporter under Rule 28(A)(1)(c)(ii), Ala. R. Juv. P., had not been taken. Thus, we disagree with the mother's suggestion that the circuit court lacked jurisdiction at the time it entered the judgment incorporating the parties' settlement agreement.[5]
Based on the foregoing, we conclude that the mandamus petition is due to be dismissed.
PETITION DISMISSED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

In response to a motion to dismiss the mother's mandamus petition as untimely, which has been filed by the father, the mother asserts that her "request for certification of adequate record" was, at least in part, aimed at obtaining a "certification of the audio recording of the [juvenile-court proceedings] as adequate." See generally Rule 28(A)(1)(c)(i), Ala. R. Juv. P. (setting out circumstances in which a direct appeal from a juvenile-court judgment is appropriate in the Court of Civil Appeals in a proceeding that has been recorded by "electronic means").

Apparently, the mother also filed her "renewed motion to dismiss" in the circuit court.

Although not entirely clear, there may also be some suggestion that this mandamus proceeding involves questions of jurisdiction and, therefore, may be considered even if untimely filed. See Ex parte K.R., 210 So.3d 1106, 1112 (Ala. 2016) (suggesting that appellate courts may consider untimely mandamus petitions that challenge orders as void for lack of jurisdiction, based on the principle that appellate courts may raise the issue of subject-matter jurisdiction ex mero motu at any time). This court is not convinced, however, that the juvenile court's orders denying the mother's motions for certification of the record are "void" for lack of jurisdiction.

The copy of the final judgment before this court is not complete, so we cannot conclusively determine whether it incorporated all the provisions of the parties' settlement agreement.

We also conclude that the materials before this court do not establish that the mother was, as she claims, "forced into" the settlement agreement in the circuit court.