PITTMAN, Judge.
J.P.T. ("the father") appeals from an amended judgment entered by the Elmore Juvenile Court ("the juvenile court") on June 30, 2017, in an action brought against him by H.T. ("the mother"). We dismiss the appeal with instructions.
In January 2017, the mother filed a petition in the juvenile court in which she alleged that, in October 2009, the juvenile court had entered a judgment ordering the father to pay child support for their child; that the father had failed to pay most of the child support he had been ordered to pay in that judgment; that the father's failure to pay child support had been willful and contemptuous; that, since the entry of the October 2009 judgment, there had been a material change in the parties' financial circumstances that warranted an increase in the amount of the monthly child-support payments established by the October 2009 judgment; and that the father's present financial circumstances would enable him to pay one-half of the child's medical and dental expenses and to provide insurance on the father's life, with the child named as the beneficiary. As relief, the mother sought recovery of the child-support arrearage and interest thereon; a finding that the father was in contempt for failing to pay child support; modification of the previous judgment to increase the amount of the father's monthly child-support payments, to provide that the father was obligated to pay one-half of the child's medical and dental expenses, and to provide that the father was to provide insurance on the father's life, with the child named as the beneficiary; and the award of an attorney fee. Thereafter, the juvenile court, with the consent of the parties and pursuant to § 12-15-106(b), Ala. Code 1975, assigned the mother's action to a referee.[1] The referee held a hearing at which the parties stipulated that, after applying all the credits to which the father was entitled, the net amount of the child-support arrearage the father owed was $31,998. On April 20, 2017, pursuant to *896 § 12-15-106(e), Ala. Code 1975, the referee filed her written findings and recommendations in the juvenile-court clerk's office.[2] In her findings and recommendations, the referee found that the net amount of the father's child-support arrearage was $31,998; recommended that the father be ordered to pay that arrearage at the rate of $27.35 per month; recommended that, effective April 1, 2017, the father's child-support obligation be increased to $472.65 per month; stated that a separate order was contemporaneously being entered with regard to the mother's claim seeking an attorney fee; recommended that all other claims for relief be denied; notified the parties that the referee's findings and recommendations would not become the judgment of the juvenile court until they had been ratified by the juvenile-court judge; and notified the parties that each party had the right to request a rehearing before the juvenile-court judge by filing a request for such a rehearing within 14 days after the filing of the findings and recommendations.[3]
That same day, i.e., April 20, 2017, the juvenile-court judge entered an order ratifying the referee's findings and recommendations. On April 24, 2017, the mother filed a Rule 59(e), Ala. R. Civ. P., postjudgment motion to alter, amend, or vacate the April 20, 2017, judgment.[4] On May 2, 2014, the parties filed a joint motion, pursuant to Rule 1(B), Ala. R. Juv. P., asking the juvenile court to extend the 14-day period for it to rule on the mother's postjudgment motion for an additional 14 days.[5] On May *897 4, 2017, the 10th day after the filing of the mother's postjudgment motion, the referee, rather than the juvenile-court judge, entered an order purporting to grant the joint motion to extend the 14-day period for ruling on the mother's postjudgment motion for an additional 14 days, and, on May 15, 2017, the 21st day after the filing of the mother's postjudgment motion, the referee, rather than the juvenile-court judge, entered an order purporting to deny the mother's postjudgment motion.
On May 23, 2017, 33 days after the filing of the referee's findings and recommendations, the mother filed a pleading titled "Mother's Objection to Referee's Report" in which she objected to the referee's findings and recommendations and moved the juvenile court to enter a judgment finding the father in contempt, requiring the father to make a lump-sum payment in the amount of $5,000 to purge himself of his contempt, and requiring the father to pay the rest of his arrearage at the rate of $325 per month. Thereafter, the juvenile-court judge held a hearing and, on June 30, 2017, entered an amended judgment purporting to find that the father was in contempt and purporting to order that the father be incarcerated until he had purged himself of his contempt by paying $5,000 and that the father pay the balance of the arrearage by making monthly payments in the amount of $325. On July 5, 2017, the juvenile-court judge entered an order stating that the juvenile-court clerk had received a receipt evidencing that the father had paid $5,000 and ordering that the father be released from jail.
On July 12, 2017, the father filed a Rule 59(e) postjudgment motion challenging the June 30, 2017, amended judgment. On July 14, 2017, the juvenile-court judge entered an order purporting to deny the father's July 12, 2017, postjudgment motion. On July 27, 2017, more than 14 days after the entry of the June 30, 2017, amended judgment, the father filed another motion in which he sought relief from that judgment pursuant to Rule 59(e). On August 24, 2017, the father filed a notice of appeal to this court. The juvenile-court judge subsequently certified that the record was adequate for an appeal to this court, pursuant to Rule 28(A), Ala. R. App. P.
Initially, we note that, although the juvenile-court judge certified that the record met the requirements for review by this court, the record on appeal does not contain transcripts of the hearings that were held in this action; indeed, the juvenile court's court reporter certified that "there is no official transcript available of the proceedings in th[is action]." Therefore, if the father's notice of appeal had been timely filed, the appeal would be transferred to the Elmore Circuit Court for a trial de novo. See Rules 28(B) and 28(D), Ala. R. Juv. P.;[6] and S.J. v. K.J., 206 So.3d 641, 644 (Ala. Civ. App. 2016) ("Although the juvenile court certified the record as adequate for appellate review, that certification is not binding on this court." (citing *898 R.G. v. C.M., 980 So.2d 417, 418 (Ala. Civ. App. 2007) )). However, for the reason discussed below, we conclude that the father's notice of appeal was not timely filed and that, therefore, the father's appeal is due to be dismissed rather than transferred to the Elmore Circuit Court.
The mother has filed a motion to dismiss the father's appeal, asserting that the father's notice of appeal was untimely filed because, the mother says, the father's July 27, 2017, motion was a repetitive Rule 59(e) motion that did not toll the running of the 14-day period for the father to file his notice of appeal. Therefore, according to the mother's reasoning, the father's notice of appeal was untimely because it was not filed within 14 days after July 14, 2017, the date the juvenile-court judge entered the order purporting to deny the father's July 12, 2017, Rule 59(e) motion.
Although we agree that the father's notice of appeal was untimely, our rationale for reaching that conclusion differs from the rationale asserted by the mother. After the referee's findings and recommendations were filed on April 20, 2017, the parties had 14 days to request a rehearing before the juvenile-court judge. See §§ 12-15-106(e) and 12-15-106(f). The entry of the juvenile-court judge's order ratifying the referee's findings and recommendations did not foreclose either party from requesting and receiving a rehearing before the juvenile-court judge. See Ex parte Quarles, 197 So.3d 499, 502-03 (Ala. Civ. App. 2015) ("A referee's findings and recommendations can become a judgment of the juvenile court when they are ratified by a juvenile-court judge, but, even in that instance, if a party has promptly and sufficiently applied for a rehearing, § 12-15-106(e)[, Ala. Code 1975,] grants that party an unqualified statutory right to a rehearing which Rule 1(B) [, Ala. R. Juv. P.,] cannot effectively negate." (citations omitted)). However, neither party filed a request for a rehearing before the juvenile-court judge within 14 days after the referee's findings and recommendations were filed on April 20, 2017. Instead, the mother elected to file a Rule 59(e) motion on April 24, 2017.
As noted above, the referee, rather than the juvenile-court judge, entered the order purporting to extend the 14-day period for a ruling on the mother's postjudgment motion and purported to rule on that motion on May 15, 2017. Section 12-15-106, Ala. Code 1975, does not specifically provide that a referee has the power to extend the period for a ruling on a postjudgment motion or to rule on a postjudgment motion. If the powers conferred on a referee by that Code section do not include the power to extend the period for a ruling on a postjudgment motion, the mother's postjudgment motion was denied by operation of law upon the elapsing of 14 days after it was filed. See Rule 1(B), Ala. R. Juv. P. (providing that a postjudgment motion in a juvenile-court action shall not remain pending for more than 14 days unless the 14-day period is validly extended pursuant to that rule). If the powers conferred on a referee by § 12-15-106 include the power to extend the period for a ruling on a postjudgment motion but do not include the power to rule on a postjudgment motion, the mother's postjudgment motion was denied by operation of law upon the elapsing of 28 days after it was filed. See Rule 1(B)(1), Ala. R. Juv. P. (providing that the 14-day period for ruling on a postjudgment motion may be extended by written order of the juvenile court "for not more than 14 additional days"). Thus, at the latest, the mother's postjudgment motion was denied by operation of law on May 22, 2017. Because this appeal would be due to be dismissed regardless of whether the mother's postjudgment motion was denied by operation of law on *899 May 8, 2017, the 14th day after it was filed; by the referee's order on May 15, 2017; or by operation of law on May 22, 2017, the 28th day after it was filed, we need not decide whether the referee had the power to extend the 14-day period for a ruling on the mother's postjudgment motion or the power to rule on the mother's postjudgment motion.
If the mother's Rule 59(e) motion was denied on May 22, 2017, the latest date it could have been denied, the parties had 14 days from May 22, 2017, to file notices of appeal from the April 20, 2017, judgment that had resulted from the entry of the juvenile-court judge's April 20, 2017, order ratifying the findings and recommendations of the referee. However, neither party filed a notice of appeal within that 14-day period. Instead, the mother elected to file her pleading titled "Mother's Objection to Referee's Report" on May 23, 2017. That pleading, even if it were deemed to be a request for a rehearing before the juvenile-court judge despite its failure to expressly request such a rehearing, was untimely because it was not filed within 14 days after the filing of the referee's findings and recommendations on April 20, 2017. See §§ 12-15-106(e) and 12-15-106(f). Therefore, the juvenile court lost jurisdiction over this action, at the latest, on May 22, 2017, and the mother's pleading titled "Mother's Objection to Referee's Report" did not invoke the juvenile court's jurisdiction anew. Thus, the June 30, 2017, amended judgment and all other orders entered by the juvenile-court judge subsequent to May 22, 2017, are void.
Accordingly, the only valid judgment entered by the juvenile court was the April 20, 2017, judgment that resulted from the juvenile-court judge's ratification of the referee's findings and recommendations on that date. That judgment remains in effect because, as discussed above, the juvenile court lost jurisdiction to amend it, at the latest, on May 22, 2017. Thus, the father's notice of appeal is untimely because it was not filed within 14 days after the denial of the mother's Rule 59(e) motion, which occurred, at the latest, on May 22, 2017. Accordingly, because his notice of appeal was untimely filed, we dismiss the father's appeal, albeit with instructions to the juvenile court to set aside the June 30, 2017, amended judgment and all other orders entered by the juvenile-court judge subsequent to May 22, 2017. The mother's motion to dismiss the appeal is denied as moot.
APPEAL DISMISSED WITH INSTRUCTIONS.
Thomas, Moore, and Donaldson, JJ., concur.
Thompson, P.J., concurs in the result, without writing.

Section 12-15-106(b) provides that, subject to certain exceptions not here applicable, "[t]he presiding judge of the juvenile court may direct that [a referee appointed in accordance with § 12-15-106(a), Ala. Code 1975,] handle various kinds of juvenile and child-support cases ...."

In pertinent part, § 12-15-106(e) provides:
"(1) After conducting a hearing in a juvenile or child-support case, if the referee has made a decision at the conclusion of the hearing, the referee shall immediately reduce his or her findings and recommendations to writing and then transmit those written findings and recommendations to the clerk of the juvenile court for filing and to a judge with authority over juvenile matters for his or her signature pursuant to subsection (g). If the parties are present at the hearing, copies of the written findings and recommendations shall be given to the parties in open court. The written findings and recommendations shall contain a notice that any party has a right to request a rehearing within 14 days of the date those findings and recommendations were filed in the office of the clerk of juvenile court.
"(2) If the referee has not made a decision on the matter at the conclusion of the hearing or if the parties are not present in open court, the referee, within three business days of making his or her decision, shall transmit his or her written findings and recommendations to the clerk of the juvenile court for filing and to a judge with authority over juvenile matters for his or her signature pursuant to subsection (g). Once the clerk files the written findings and recommendations, the clerk shall send to the parties, by first class mail, copies of the findings and recommendations containing a notice informing them that they have the right to request a rehearing within 14 days of the date the findings and recommendations were filed in the office of the clerk of the juvenile court."

In pertinent part, § 12-15-106(f), Ala. Code 1975, provides: "A rehearing before a judge with authority over juvenile court matters concerning the matter heard by the referee shall be scheduled if any party files a written request therefor within the time frames provided in subsection (e)." Section 12-15-106(g), Ala. Code 1975, provides: "The findings and recommendations of the referee shall become the order of the juvenile court when ratified by the original signature of a judge with authority over juvenile matters."

The Alabama Rules of Juvenile Procedure do not specifically provide for postjudgment motions; however, Rule 1(A), Ala. R. Juv. P., provides, in pertinent part, that "[i]f no procedure is specifically provided in [the Alabama Rules of Juvenile Procedure] or by statute, the Alabama Rules of Civil Procedure shall be applicable to those matters that are considered civil in nature ...."

In pertinent part, Rule 1(B), Ala. R. Juv. P., provides:
"All postjudgment motions, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within 14 days after the entry of order or judgment and shall not remain pending for more than 14 days, unless, within that time, the period during which a postjudgment motion may remain pending is extended:
"(1) By written order of the juvenile court on its own motion, or upon motion of a party for good cause shown, for not more than 14 additional days ...."

Rule 28(B) provides that, if a record adequate for appellate review does not exist, an appeal from a final judgment of a juvenile court "shall be to the circuit court for trial de novo." In pertinent part, Rule 28(D) provides: "An appellate court ... may transfer an appeal to another court if it determines that the appeal ... should have been brought in that court."