DONALDSON, Judge.
K.J. ("the father") petitions this court for a writ of mandamus directing the Jefferson Circuit Court ("the circuit court"), to grant his motion to dismiss the petition of S.B. ("the grandmother"), who sought an order from the circuit court permitting her to have visitation with the father's child, K.H.J. ("the child"). For the reasons explained below, we deny the petition.
Facts and Procedural History
The materials submitted by the father indicate the following facts and procedural history relevant to the disposition of this petition for a writ of mandamus. The grandmother is a parent of the child's mother, A.J. ("the mother"). Pursuant to a court order from Greene County, the mother had sole custody of the child and the father had visitation rights. On March 17, 2014, the mother died. On March 25, 2014, the grandmother filed a petition in the Jefferson Juvenile Court, Bessemer Division ("the juvenile court"), asserting that the child was dependent. On May 1, 2015, the juvenile court entered a judgment granting sole custody of the child to the father and visitation to the grandmother.
The grandmother appealed the juvenile court's judgment to this court, and the father cross-appealed. In S.J. v. K.J., 206 So.3d 641 (Ala. Civ. App. 2016), this court held that the juvenile court's record was inadequate for appellate review and transferred the grandmother's appeal to the circuit court for a trial de novo.[1] See Rule 28(D), Ala. R. Juv. P. We also held that the father's cross-appeal seeking appellate review of the judgment insofar as it granted the grandmother visitation was moot because the transfer of the grandmother's appeal to the circuit court for a trial de novo annulled and vacated the juvenile court's judgment.
On January 3, 2017, the father filed a motion to dismiss the proceedings in the circuit court, asserting that the child was not dependent. On February 3, 2017, the grandmother filed an amended dependency petition, alleging that the father was unable to properly parent the child. On August 25, 2017, the circuit court conducted a pretrial conference in which the grandmother orally moved to dismiss the action. On August 28, 2017, the circuit court entered an order dismissing the action without prejudice.
On September 7, 2017, the grandmother filed a petition in the circuit court seeking visitation with the child, pursuant to § 30-3-4.2, Ala. Code 1975 ("the Grandparent Visitation Act"). On November 27, 2017, the father filed a motion to dismiss the petition for lack of jurisdiction. On November 28, 2017, the circuit court entered an order denying the father's motion to dismiss.
*755 On April 3, 2018, the father filed a second motion to dismiss. In that motion, he argued that the circuit court lacked jurisdiction over the proceedings under the Grandparent Visitation Act. On April 26, 2018, the circuit court entered an order denying the father's second motion to dismiss.
On May 2, 2018, the father filed the present petition for a writ of mandamus seeking an order compelling the circuit court to grant his motion to dismiss. We have jurisdiction to review the father's petition pursuant to § 12-3-10, Ala. Code 1975, and § 12-3-11, Ala. Code 1975.
Standard of Review
The father contends that the circuit court lacks subject-matter jurisdiction over the action, and "[t]he denial of a motion to dismiss for lack of jurisdiction is reviewable upon a timely filed petition for a writ of mandamus." Ex parte Diefenbach, 64 So.3d 1091, 1093 (Ala. Civ. App. 2010).
" 'Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' "
Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala. 2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995) ).
Discussion
The father contends that his motion to dismiss, filed on April 3, 2018, should have been granted because the grandmother had previously initiated a dependency action involving the issue of the grandmother's visitation with the child and that, therefore, the subsequent grandparent-visitation action initiated by the grandmother was not an "original action" under § 30-3-4.2(b), which provides, in relevant part:
"A grandparent may file an original action in a circuit court where his or her grandchild resides or any other court exercising jurisdiction with respect to the grandchild or file a motion to intervene in any action when any court in this state has before it any issue concerning custody of the grandchild, including a domestic relations proceeding involving the parent or parents of the grandchild, for reasonable visitation rights with respect to the grandchild ...."
To obtain the relief sought, the father must establish that § 30-3-4.2(b) bars a grandparent from filing a petition seeking an order for visitation when the grandparent has previously initiated an action involving his or her visitation rights.
" ' " 'The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). In this ascertainment, we must look to the entire Act instead of isolated phrases or clauses; Opinion of the Justices, 264 Ala. 176, 85 So.2d 391 (1956).' " ' Bright v. Calhoun, 988 So.2d 492, 497 (Ala. 2008) (quoting City of Bessemer v. McClain, 957 So.2d 1061, 1074-75 (Ala. 2006), quoting in turn Darks Dairy, Inc. v. Alabama Dairy Comm'n, 367 So.2d 1378, 1380 (Ala. 1979) )...."
Grimes v. Alfa Mut. Ins. Co., 227 So.3d 475, 488-89 (Ala. 2017).
We note that § 30-3-4.2(b) refers to both the filing of an original action and the filing of a motion to intervene in an ongoing action. The father contends that the filing of an "original action" means more *756 than the filing of a petition to initiate a new action. In his view, § 30-3-4.2(b) permits a grandparent to initiate in total only one action seeking visitation rights and bars any subsequent attempts to initiate another such action. We observe that § 30-3-4.2(g)(1) provides:
"A grandparent or grandparents who are married to each other may not file a petition seeking an order for visitation more than once every 24 months absent a showing of good cause. The fact that a grandparent or grandparents who are married to each other have petitioned for visitation shall not preclude another grandparent from subsequently petitioning for visitation within the 24-month period. After an order for grandparent visitation has been granted, the parent, guardian, or legal custodian of the child may file a petition requesting the court to modify or terminate a grandparent's visitation time with a grandchild."
Section 30-3-4.2(g)(1) permits a grandparent to file more than one petition seeking visitation rights, within certain constraints. We conclude that the Grandparent Visitation Act, read in its entirety, does not bar a grandparent from filing more than one petition seeking visitation rights in the absolute manner asserted by the father. Therefore, the father has not established a ground for granting his motion to dismiss.
We note that the father does not argue that the grandmother filed more than one petition seeking visitation rights in violation of the constraints in § 30-3-4.2(g)(1), and such an argument was not presented to the circuit court. That issue is therefore not before us.[2] See State v. Reynolds, 887 So.2d 848, 851-52 (Ala. 2004) ("This Court will not ... issue a writ of mandamus commanding a trial judge to rescind an order, based upon a ground asserted in the petition for the writ of mandamus that was not asserted to the trial judge ...."); Ex parte Showers, 812 So.2d 277, 281 (Ala. 2001) (" Rule 21(a), Ala. R. App. P., requires that a petition to an appellate court for the writ of mandamus 'shall contain ... a statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on.' ").
For the foregoing reasons, we deny the father's petition for a writ of mandamus.
The grandmother's request for an award of attorney fees is denied.
PETITION DENIED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

We note that, since our opinion was issued in S.J. v. K.J., the grandmother's name has changed. In this opinion, we refer to the grandmother as S.B., based on her name change and on how she is referred to in the materials submitted.

Although we generally address issues of subject-matter jurisdiction ex mero motu, Ex parte McKinney, 87 So.3d 502, 509 (Ala. 2011), a circuit court generally has subject-matter jurisdiction over petitions seeking only grandparent visitation. See § 30-3-4.2(b) ; Ex parte K.L.P., 868 So.2d 454, 457 (Ala. Civ. App. 2003). Because it is not apparent that the applicability of § 30-3-4.2(g)(1) would implicate the circuit court's subject-matter jurisdiction, and because the father has not asserted that it does, we are not compelled to address this issue.